Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Chrome Hearts LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART STORES, INC., a Delaware Corporation; and DOES 1-10, inclusive, <br><br> Defendant. | CASE NO. <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** <br> 1. **TRADEMARK INFRINGEMENT** <br> 2. **FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS** <br> 3. **UNFAIR COMPETITION IN VIOLATION OF CA BUS. & PROF. CODE § 17200, et seq.;** <br> 4. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Chrome Hearts LLC for its claims against Defendant Wal-Mart Stores, Inc. respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendant for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of trademark infringement and unfair competition under the

statutory and common law of the State of California. This Court has subject matter jurisdiction over the trademark claims under 28 U.S.C. §§1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant because Defendant conducts business within this judicial district.

4. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Chrome Hearts LLC ("Chrome Hearts") is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business at 915 North Mansfield Avenue, Los Angeles, California 90038.

6. Upon information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation duly organized and existing under the laws of the State of Delaware with an office and principal place of business at 702 South West 8th Street, Bentonville, Arkansas 72716.

7. Chrome Hearts is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Chrome Hearts will seek leave to amend this complaint when their true names and capacities are ascertained. Chrome Hearts is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for

the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. Chrome Hearts is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Chrome Hearts further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.  The Chrome Hearts Brand and its Marks

9. Chrome Hearts LLC ("Chrome Hearts") has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1988.

10. Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric apparel, bags and a wide collection of other products, including its recent line of custom, one-of-a-kind furniture, eyewear, and crystal ware.

11. Chrome Hearts pioneered the idea of combining the look of rugged apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts further pioneered the look of suede inlay designs in connection with leather clothing.

12. Entertainers, such as Madonna, Arnold Schwarzenegger, Karl Lagerfeld, Cher, Kate Hudson, Tom Brady, David Beckham, and Lenny Kravitz can all be seen in

Chrome Hearts' fashions. Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world and in select specialty stores, such as Colette of Paris, Bergdorf Goodman in New York and the United Arrows and Intellectual Galleries boutiques in Japan.

13. In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovated accessories and jewelry designs.

14. Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen. The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

15. Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

16. Chrome Hearts is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks").

17. Chrome Hearts' most iconic and well recognized trademarks include, but are not limited to, the following trademark registrations:

| Mark | U.S. Registration No(s). | Goods/Services |
|---|---|---|
| CH Plus Mark | 3,385,449 | Jewelry, namely, bracelets, rings, watch bands, necklaces and lighters made of precious metals |
| | 3,365,408 | Retail store services in the field of jewelry, clothing, handbags, eyewear, home furnishings, bed linen and toys. |

| | 3,605,860 | Jewelry, namely, rings, earrings, pendants, necklaces, bracelets, cuff bracelets, cuff links, watch bracelets and key rings made of precious metals |
|---|---|---|
| CH Cross Mark | | |

18. Registrations for many of the Chrome Hearts Marks, including those set forth above, are valid, subsisting and are incontestable. Through longstanding use, advertising, and registration, the Chrome Hearts Marks have achieved a high degree of consumer recognition and constitute famous marks.

19. Chrome Hearts has continuously used the Chrome Hearts Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods since their respective dates for first use.

20. The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

21. Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the Chrome Hearts Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

**B.   Wal-Mart's Infringing Conduct**

22. Upon information and belief, Chrome Hearts hereon avers that Wal-Mart has manufactured, designed, advertised, marketed, distributed, offered for sale, and/or sold jewelry that infringe upon one or more of the Chrome Hearts Marks ("Infringing Products").

23. Upon information and belief, Wal-Mart is a retailer engaged in the sale of various products, including jewelry and accessories nationally and worldwide. Wal-Mart's products also reach consumers nationwide via its website (www.walmart.com).

1  24. Chrome Hearts recently discovered the offering for sale and sale of
2  Infringing Products (exemplar shown below) at Wal-Mart retail stores located within
3  this judicial district.

 

*Chrome Hearts' Authentic Product*  *Wal-Mart's Infringing Product*

9  25. Wal-Mart has never been authorized by Chrome Hearts to manufacture,
10 distribute, advertise, offer for sale, and/or sell merchandise bearing any of Chrome
11 Hearts' trademarks.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act)

14 25. Chrome Hearts incorporates herein by reference the averments of the
15 preceding paragraphs as though fully set forth herein.

16 26. The Chrome Hearts Marks are nationally recognized, including within the
17 Central District of California, as being affixed to goods and merchandise of the highest
18 quality and coming from Chrome Hearts.

19 27. The registrations embodying the Chrome Hearts Marks are in full force
20 and effect and have been used continuously since their respective first dates of use.

21 28. Wal-Mart's unauthorized use of the Chrome Hearts Marks in interstate
22 commerce and advertising relating to same constitutes false designation of origin and a
23 false representation that the goods are manufactured, offered, sponsored, authorized,
24 licensed by or otherwise connected with Chrome Hearts or come from the same source
25 as Chrome Hearts' goods and are of the same quality as that assured by the Chrome
26 Hearts Marks.

29. Wal-Mart's use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

30. Wal-Mart's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Wal-Mart's commercial and business activities, all to the detriment of Chrome Hearts.

31. Upon information and belief, Wal-Mart's acts are deliberate and intended to confuse the public as to the source of Wal-Mart's goods or services and to injure Chrome Hearts and reap the benefit of Chrome Hearts' goodwill associated with Chrome Hearts' trademarks.

32. Wal-Mart's acts violate the Lanham Act.

33. As a direct and proximate result of Wal-Mart's willful and infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Wal-Mart is restrained by this Court from infringing Chrome Hearts' trademarks.

34. Chrome Hearts has no adequate remedy at law.

35. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Wal-Mart from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Wal-Mart all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Wal-Mart as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))

36. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

37. Wal-Mart's unauthorized use of the Chrome Hearts Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods when in fact they do not.

38. Wal-Mart's use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

39. Wal-Mart's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Wal-Mart 's commercial and business activities, all to the detriment of Chrome Hearts.

40. Chrome Hearts has no adequate remedy at law.

41. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Wal-Mart from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Wal-Mart all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Wal-Mart as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.)**

42. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43. The Chrome Hearts Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

44. Through prominent, long, and continuous use in commerce, the Chrome Hearts Marks have become and continue to be famous and distinctive in the State of California.

45. Wal-Mart's misappropriation of the Chrome Hearts Marks was intended to capitalize on Chrome Hearts' goodwill for Wal-Mart's own pecuniary gain.

46. Wal-Mart's unauthorized use of the Chrome Hearts Marks dilutes the distinctive quality of the Chrome Hearts Marks and decreases the capacity of such marks to identify and distinguish Chrome Hearts' products and has caused a likelihood of harm to Chrome Hearts' business reputation.

47. By the acts described above, Wal-Mart has caused and will continue to cause irreparable injury to Chrome Hearts' goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 et seq.

48. Upon information and belief, Wal-Mart has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

49. Wal-Mart is liable to Chrome Hearts for all damages, whether direct or indirect, for the misappropriation of Chrome Hearts' trademarks, reputation and goodwill, which damages are subject to trebling.

50. Upon information and belief, Wal-Mart will continue its infringing acts unless restrained by this Court.

51. Wal-Mart's acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

52. In light of the foregoing, Chrome Hearts is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief, restitution, and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement and Unfair Competition)**

53. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54. Chrome Hearts owns and enjoys common law trademark rights to the Chrome Hearts Marks in California and throughout the United States.

55. Wal-Mart's misappropriation of Chrome Hearts' common law trademarks was intended to capitalize on Chrome Hearts' goodwill for Wal-Mart's own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Chrome Hearts' efforts, Wal-Mart is now unjustly enriched and is benefiting from property rights that rightfully belong to Chrome Hearts.

56. Wal-Mart's unauthorized use of the Chrome Hearts Marks has caused and is likely to cause confusion as to the source of Wal-Mart's products, all to the detriment of Chrome Hearts.

57. Wal-Mart's acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

58. Wal-Mart's acts constitute unfair competition under California common law.

59. Chrome Hearts has been irreparably harmed and will continue to be irreparably harmed as a result of Wal-Mart's infringing activities unless Wal-Mart is permanently enjoined from its infringing conduct.

60. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights.

Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Wal-Mart and to deter it from similar such conduct in the future.

61. Chrome Hearts has no adequate remedy at law.

62. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Wal-Mart from using the Chrome Hearts Marks to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Wal-Mart as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chrome Hearts LLC respectfully prays that this Court enter judgment in its favor and against Defendant Wal-Mart Stores, Inc. as follows:

1. For entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Wal-Mart, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with it from:

(a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products and/or any other products that bear the Chrome Hearts Marks, or any other marks confusingly similar thereto;

(b) engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

(c) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Wal-Mart is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

2. For entry of an ORDER directing Wal-Mart to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Infringing Products, in addition to any other goods that infringe upon Chrome Hearts' rights to the Chrome Hearts Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in its possession or under its control;

3. For entry of an ORDER directing Wal-Mart to disclose its supplier(s) and manufacturer(s) of the Infringing Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Infringing Products;

4. For entry of an ORDER for an accounting by Wal-Mart of all gains, profits, and/or advantages derived from its infringing acts;

5. For entry of an ORDER directing Wal-Mart to file with this Court and serve on Chrome Hearts within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Wal-Mart has complied with the injunction;

6. For an assessment of the damages suffered by Chrome Hearts, trebled, and an award of all profits that Wal-Mart has derived from using the Chrome Hearts Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Chrome Hearts be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

7. For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

8. For an award of profits, damages, and fees to the full extent available, and punitive damages to the full extent available in connection with its claims under California law; and

/ / /

/ / /


9.  Such other relief as may be just and proper.

Dated: April 21, 2015            BLAKELY LAW GROUP

                                 By: *[signature]*
                                 Brent H. Blakely
                                 Cindy Chan
                                 *Attorneys for Plaintiff*
                                 *Chrome Hearts LLC*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.

Dated: April 21, 2015            BLAKELY LAW GROUP

                                 By: *[signature]*
                                 Brent H. Blakely
                                 Cindy Chan
                                 *Attorneys for Plaintiff*
                                 *Chrome Hearts LLC*

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF